HUNKINS *v.* KENT.

1. TRIAL—ARGUMENT OF COUNSEL—OPENING CASE—REFRESHING RECOLLECTION.
   On the trial of an action of assumpsit for work and labor, it is not error for plaintiff's attorney, in opening the case to the jury, to refresh his recollection from an account book.

2. SAME—OFFER OF INADMISSIBLE EVIDENCE—PREJUDICE.
   A good-faith offer of memoranda in evidence, which is withdrawn on intimation by the court that it is not admissible as primary evidence, is not error where no prejudice results.

3. WITNESSES — CROSS-EXAMINATION— PREVIOUS TRIAL — IMPEACHMENT.
   In an action for work and labor, a witness for defendant who testifies that plaintiff told him that he and defendant had settled, and who on a previous trial testified that he saw plaintiff sign a receipt in full, may be cross-examined with respect to his previous testimony, with a view to impeachment.

4. APPEAL AND ERROR—PLEADINGS AS EVIDENCE—RULING—PREJUDICE.
   A ruling that defendant's plea and notice of defense of payment in an action for work and labor is an admission that plaintiff had earned the amount claimed is of no consequence where defendant does not question the amount.

Error to · Shiawassee; Miner, J.   Submitted October 16, 1907.   (Docket No. 80.)   Decided March 17, 1908.

Assumpsit by Walter H. Hunkins against Frank W. Kent for work and labor.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

*Bush & Bush,* for appellant.

*E. S. Atherton* and *E. D. Lewis,* for appellee.

McALVAY, J.   Plaintiff was a farm laborer for defendant and brought suit in justice's court for a balance

of $45 claimed due. To the declaration on the common counts in assumpsit defendant pleaded the general issue and gave notice of payment in full of the entire amount of wages earned, to wit, $107. From a judgment in favor of plaintiff for the amount claimed, defendant appealed to the circuit court for Shiawassee county where a trial before a jury terminated with a like result with interest added. Defendant has assigned 66 errors, most of which are discussed in his brief. We suggest that three or four would have covered the questions raised and saved the attorneys and the court much time and labor in making the necessary investigation of all the errors claimed.

The claim that the court was in error in allowing plaintiff's attorney, in opening the case to the jury, to refresh his recollection from an account book which he held in his hand, is without merit and requires no discussion.

Several exceptions were taken to the examination of the plaintiff in an attempt to get a certain memorandum of payments made to him by defendant in evidence, and errors are assigned thereon. Under objection of defendant the offer was finally withdrawn. It was undoubtedly made in good faith, and if the intention had been to use it only to refresh the recollection of witness, as the court apparently thought at first, it could have been so used. The intimation of the court that as primary evidence it was not admissible caused its withdrawal. Nothing occurred during this examination relative to this memorandum prejudicial to defendant. Upon this trial plaintiff was the only witness sworn in his behalf. He was not cross-examined. On the part of defendant two brothers were sworn as witnesses, one 16 and the other 21 years old. They were examined in chief only concerning a conversation the younger had with plaintiff on Sunday, October 8 or 15, 1905, in the presence of the elder who later had worked for defendant. This conversation was given by the younger boy as follows:

"I asked him if he had quit working for Mr. Kent. He said he had. I asked him if he had any trouble. He

said he hadn't. He said they were all right. I asked him if they were all settled up. He said they were. He said they were all right."

This was the entire affirmative defense to plaintiff's case.

Defendant who was present during this trial was not produced and sworn as a witness. The foregoing testimony has been given for the purpose of making clear what will be said relative to the cross-examination of this witness, upon which numerous errors are assigned. It appears that this witness had testified in justice's court in the case, and it was claimed that he there testified he was present and saw plaintiff sign the following receipt:

"SHAFTSBURG, MICH., 6, 1906.

"Received of F. W. Kent 86 dollars to balance account in full to date.

"W. H. HUNKINS, Shaftsburg, Mich., 5-8, 1906.

"Filed May 14, 1906.

"H. H. HAWLEY, Justice of the Peace."

We do not find that the court was in error. Under the circumstances the court was warranted in allowing great latitude. It was claimed that the defense had shifted ground since the former trial, and was now attempting to prove a payment by an admission of plaintiff that they had settled, when formerly the defense proved by this witness was that he had seen plaintiff sign the above receipt. The questions were proper cross-examination and admissible as laying a foundation for impeaching the witness.

There was no error in allowing plaintiff to answer certain questions relative to the receipt in question and to any settlement had with defendant. The holding of the court that under the rule the pleading of defendant was an admission of the amount plaintiff had earned was of no consequence for defendant did not question the amount of plaintiff's earnings.

The remaining errors all refer to arguments of counsel, a discussion of which at length would be of no benefit.

We do not find that these exceptions were well taken. Those of any importance were taken care of by the court by reproving counsel, and explicitly charging the jury upon the matters complained of. Defendant presented no requests to charge and makes no complaint of the charge of the court as given. The court was very patient with all the parties concerned and the record shows his ruling during the trial not prejudicial to defendant. We find no reversible error in the case.

The judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and CARPENTER, JJ., concurred.